## HENDRICK v CSX TRANSPORTATION, INC.

### Case No. 88-11058-CA

Fourth Judicial Circuit, Duval County

June 22, 1989

### APPEARANCES OF COUNSEL

**Robert J. Beckham,** and **William Earl Higginbotham,** for plaintiff.

**Joseph P. Milton,** and **Harvey L. Jay,** Howell, Liles & Milton, for defendants.

### OPINION OF THE COURT

PETER DEARING, Circuit Judge.

### *ORDER ON DEFENDANT'S MOTION TO DISMISS OR STRIKE*

This cause came on for hearing on the Defendant's Motions to Dismiss and/or Strike each count of the Plaintiff's Complaint. In ruling on this motion, a brief history of the case is appropriate noted.

This action was originally filed as Case No. 87-10512-CA, in which the Plaintiff presented a four-count Complaint under Chapter 45, United States Code, for negligence by his employing railroad company,

which resulted in injuries to himself. Counts II through IV of that initial Complaint in the 1987 case were dismissed by the Court with leave to amend. Thereafter, they were amended and subsequently dismissed again by the Court with prejudice. Following a change of judges in the division in which that case was pending, a request to review the prior judge's rulings was made in the form of a Motion for Leave to File Amended Complaint, adding back in the counts which had been dismissed by the judge formerly presiding in Division CV-D. That motion was denied on the basis that the prior rulings constituted the law of the case. Following that ruling, the 1987 case was dismissed and was refiled as the present case in essentially the same form and with the same counts as had previously been dismissed.

Without reaching the question of whether or not the refiling of this action after a voluntary dismissal requires the Court to consider its prior rulings as the law of the case, the Court has taken an independent re-examination of the issues raised by the Motion to Dismiss and the responses thereto. Upon this re-examination de novo, the Court finds that the rulings by which Counts II through IV were initially dismissed were correct for the reasons stated in the Defendant's Motion and Memorandum of Law, and Counts II through IV of the present Complaint should again be dismissed.

The critical question presented is whether or not the alleged negligent maintenance and failure of the locomotive engine, brakes, and coupling devices are causally related to the accident and injuries experienced by the Plaintiff. The allegations of the Complaint assert no more than that the defective engine and/or brakes and/or coupling devices took part in creating the condition to which the Plaintiff was called to respond. It was while responding to some breakdown in the system allegedly caused by one of these defects that the Plaintiff injured his back. Under the Plaintiff's theory, once the breakdown had occurred and he was asked to respond, any injury he might have sustained from any cause would have been compensable if the initial breakdown of the train occurred as a result of the negligence of the Defendant. This would, in effect, make the Defendant the insurer of the safety and good health of the Plaintiff at all times in which he was responding to any condition created by the breakdown of the train. The Court does not find support for that theory of liability in any of the cases presented by the parties. Under the Plaintiff's theory, he could have tripped over his own untied shoe laces while walking toward the location of the uncoupled cars, and could have equally presented a claim for damages arising out of that unforeseeable event.

For these reasons, and for the other reasons set forth in the

Defendant's motion and memorandum, the Court finds that Counts II, III and IV of the Complaint should be dismissed. In light of the fact that these same counts have twice been dismissed in the predecessor case, which was in all material respects identical to the instant case, this dismissal will be with prejudice. Accordingly, it is

ORDERED AND ADJUDGED:

1. Defendant's Motion to Dismiss Counts II, III and IV of the Complaint is hereby granted, and those counts are hereby dismissed with prejudice.

2. Defendant's Motion to Dismiss Count I of the Complaint is hereby denied.

DONE AND ORDERED in chambers at Jacksonville, Florida, this 9th day of January, 1989.